# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6839 | **DATE** | 10/26/2001 |
| **CASE TITLE** | Brown vs. Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order on plaintiff's motion for summary judgment or for remand. Plaintiff's motion for summary judgment or for remand [21-1] is granted insofar as it requests a remand of the ALJ's decision. The cause is hereby remanded to the Commissioner of Social Security for further proceedings consistent with the opinion. Judgment is entered pursuant to Rule 58 F.R.C.P. terminating case.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | 2 number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | OCT 30 2001 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 10/26/2001 date mailed notice |

| SM | courtroom deputy's initials | | FILED FOR DOCKETING 01 OCT 29 PH 3: 54 | | SM mailing deputy initials |
|---|---|---|---|---|---|

Document Number

Date/time received in central Clerk's Office

LANA BROWN,

    Plaintiff,

v.

LARRY G. MASSANARI, Acting
Commissioner of Social Security,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. 00 C 6839

Magistrate Judge Ian H. Levin

DOCKETED

OCT 3 0 2001

## MEMORANDUM OPINION AND ORDER

This cause coming on to be heard on Plaintiff's Motion for Summary Judgment or for Remand, the Court having reviewed and studied the briefs, the record and the relevant authorities, and being duly advised in the premises, orders as follows:

## STATEMENT OF THE CASE AND FACTS

The background and case facts are, essentially, not in dispute. See Plaintiff's memorandum, pp. 1 - 6 and Defendant's memorandum, pp. 1 - 4, both of which are thus incorporated herein by reference.

## ISSUE

The initial, threshold dispute is whether or not the Administrative Law Judge ("ALJ") erred in not considering Plaintiff's congestive heart failure as a severe impairment under Step 2 (and, consequently, also at Step 3) of the requisite sequential disability analysis.

## APPLICABLE LEGAL STANDARD(S)

Step 2 of the requisite sequential analysis requires a determination of whether the claimant

has a "severe" impairment or impairments. If the impairment is "severe" then the combined effect of all of the "severe" impairments must be considered, at Step 3, in assessing the claimant's residual functional capacity.

A disability claimant can be considered as not suffering from a severe impairment only if the impairment is a slight abnormality having only a minimal effect on a person's ability to perform the full range of work related activities. *Anthony v. Sullivan*, 954 F.2d 289(5th Cir. 1992); see also *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118(1st Cir. 1986); *Stone v. Heckler*, 752 F.2d 1099(5th Cir. 1985).

Stated otherwise, a "severe" impairment is any medically determinable impairment that would interfere with a person's ability to perform the full range of exertional and non-exertional work related activities.

## THE ALJ's DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset date of her alleged disability and that she had severe impairments, including residuals of a brain aneurysm and a history of drug abuse, depression, and mixed personality disorder; her impairments were not, however, among those included in the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, app. 1, nor did they, singly or in combination, medically equal any of those listed (Tr. 22). The ALJ further found that Plaintiff had the residual functional capacity (RFC) to lift 50 pounds occasionally or 25 pounds frequently, that she was further limited to performing low-stress, simple, repetitive tasks that required no significant memory or anything more than one to two step processes, and that Plaintiff had no relevant past work history, but she could perform a significant number of jobs in the economy.

Accordingly, the ALJ ruled that Plaintiff was not disabled under the terms of the Act, during the relevant time period.

## DISCUSSION AND ANALYSIS

The Court finds that, respectfully, the ALJ erred in not considering Plaintiff's congestive heart failure as a severe impairment.

The record discloses that Plaintiff had a significant history of reduced systolic function on both the left and right sides of the heart causing both left and right sided congestive heart failure. She has clinically exhibited peripheral edema, hepatomegaly, jugular vein distension, dyspnea and orthopnea. The chest x-ray(s) showed cardiomegaly. The echo cardiogram confirmed reduction in left and right systolic performance, hypertrophy, aortic insufficiency, dilated left and right atrium, mitral and tricuspid regurgitation. Her left ventricular ejection fraction measured only 15%. Her cardiologist, Dr. Krauss, deemed her condition to be HYHA- functional Class II, meaning, in essence, she would experience symptoms of congestive heart failure on engaging in exertional activity.

In short, the ALJ did not consider bilateral congestive heart failure causing cardiomegaly reducing the ejection fraction to 15% and producing clinical signs of bi-ventricular congestive heart failure to be a "severe impairment." The evidence shows, however, that the condition meets all the laboratory evidence required under Section 4.02 of the applicable Listings.[1] The ALJ noted Dr. Krauss' New York Heart Association class rating but effectively rejected the rating, instead relying

---

[1]The cardiac "Listings of Impairments" at Appendix 1 to Subpart P requires a ejection fraction measured at 30 percent or less to meet the listings at Section 4.02(B)(Congestive Heart Failure) Section 4.04(B)(Ischemic Heart Disease) as well as Section 4.08(Cardiomyopathies). As stated, according to Dr. Krauss, the Plaintiff's ejection fraction was measured by echocardiogram to be approximately 15%.

on Dr. Krauss' indication that claimant can perform her activities of "daily living" without limitation due to her congestive heart failure (R. 17). The problem with the ALJ's analysis is that the activities of daily living refer to things like bathing, dressing, cooking and walking a short distance. This does not equate with the ability to perform the full range of exertional and non-exertional work related activities that would be required.[2]

## CONCLUSION

In view of the foregoing, the Plaintiff's motion for Summary Judgment and for Remand are granted insofar as a remand is requested. The case is remanded to the Commissioner for further proceedings consistent with this opinion.[3]

DATED: October 26, 2001          ENTER:

**IAN H. LEVIN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]It bears noting that the state agency reviewing doctors are required to list the medical conditions upon which they base their RFC's so that one can weigh the opinions contained therein. Neither reviewing doctor considered Plaintiff's bi-ventricular congestive heart failure in determining an RFC in Exhibits 23 and 27.

[3]In view of the Court's ruling herein, it is deemed unnecessary to consider Plaintiff's other arguments (all vigorously disputed by the Defendant). Both parties can present their positions to the ALJ upon remand.

Several points do bear specific mention however: (1) Plaintiff's arguments as to eye impairment, as well as multiple strokes and organic brain syndrome, being severe impairments were first raised in Plaintiff's reply memorandum and thus cannot be considered by the Court (but may be presented to the ALJ upon remand), and (2) in weighing the opinions of the treating, (and consulting) doctors and reviewing doctors on remand, the ALJ should consider the standards set forth in _Garrison v. Heckler_, 765 F.2d 710, 713 (7th Cir. 1985).

4